**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLVIN SANTIAGO CASTRO III | : | |
| | : | |
| Appellant | : | No. 1016 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000855-2022

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: SEPTEMBER 4, 2024**

Olvin Santiago Castro III appeals from the judgment of sentence entered following his conviction for manufacture, delivery, or possession with intent to deliver a controlled substance ("PWID"). 35 P.S. § 780-113(a)(30). Counsel has filed an ***Anders***[1] brief and petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

In January 2023, Castro entered an open guilty plea to PWID. The trial court informed him that he could be sentenced to a maximum of 10 years' incarceration and fined $100,000.00. N.T., Jan. 12, 2023, at 4. In March 2023, the trial court sentenced him to a standard range sentence of four to 10 years' incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

At sentencing, the trial court reviewed the presentence report, entertained argument from Castro's counsel and the Commonwealth, and heard Castro's allocution. The court then stated that Castro had had a kilo of cocaine and, when imposing a middle of the standard range sentence, reasoned:

> I can't just wash that under the table because you express remorse. I'm not going to treat you worse than anyone else who is in your same position, but I'm not going to treat you better either. I'm going to give you a sentence that is right in the middle of the standard sentencing range applicable to your offense.

N.T., Mar. 22, 2023, at 6-7.

On April 21, 2023, while still represented by counsel, Castro filed a *pro se* document entitled, "Appeal for Reconsideration of Sentence and Uneffectiveness of Counsel." Both above the title of the document and below his signature at the end of the document, Castro had written, "Superior Court of Pennsylvania." The document requested that "this court" reconsider "this sentence." Appeal for Reconsideration, filed Apr. 21, 2023, at 1. It further argued his counsel was ineffective. He requested that "this court . . . reconsider and reverse or adjust or modify this sentence." *Id.* at 2. That same day, counsel filed a petition to withdraw noting that the motion was outside the 10-day period for post-sentence motions and stating that counsel believed the motion would be treated as petition under the Post Conviction Relief Act. Petition to Withdraw as Counsel, filed Apr. 21, 2023, at ¶¶ 5-6.

The trial court treated the *pro se* filing as a motion to reconsider the sentence, and denied it.[2] The court further denied the petition to withdraw as counsel "without prejudice to the ability of [counsel] to resubmit his request if [Castro] does not contact him within 30 days." Order, dated May 17, 2023. In the order, the court noted the possibility of an appeal and stated that "time is of the essence with respect to the filing of such an appeal." *Id.* On July 3, 2023, counsel filed a notice of appeal. In it, counsel stated that "[Castro] intends that his filing for his Motion for Modification for sentence on April 21, 2023, within the thirty (30) day time frame for an appeal, constitutes an appeal and not a Motion to Modify sentence nor a Post-Conviction Relief Act Application."

In this Court, counsel filed an ***Anders*** brief and a petition to withdraw as counsel, asserting that the appeal is wholly frivolous. In February 2024, this Court denied the petition to withdraw and ordered counsel to obtain missing notes of testimony and file either a new ***Anders*** brief and petition to withdraw or an advocate's brief. Counsel obtained the transcripts and filed a second ***Anders*** brief and petition to withdraw. In May 2024, we again denied the petition to withdraw. Counsel had not provided evidence that he had mailed the ***Anders*** brief and petition to withdraw to Castro and notified him of his right to proceed *pro se* or with new counsel. Counsel has now filed a

---

[2] If the *pro se* motion was a post-sentence motion, it was untimely and therefore would not have tolled the time to file a notice of appeal. However, because the trial court should have treated the filing as a notice of appeal, we conclude this appeal was timely.

document stating he had mailed the documents to Castro in April 2024 and again mailed them in June 2024, attaching the June 2024 letter sent to Castro. *See* Petitioner's Response to Superior Court Order, dated June 10, 2024. In July 2024, counsel filed another petition to withdraw.

Before we assess the substance of the **Anders** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349,

353 (Pa.Super. 2007) (alteration omitted)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, counsel filed an *Anders* brief where he discusses the issues arguably supporting the appeal and explains his conclusion that those issues are wholly frivolous, and he filed a petition to withdraw as counsel. Further, counsel supplied Castro with a copy of his *Anders* brief and petition and a letter advising Castro that he may raise any additional issues before this Court *pro se* or with private counsel. Accordingly, we find counsel has met the procedural requirements to withdraw under *Anders* and now turn to the issues counsel identified.

Counsel states that "[Castro] contends that the trial court abused its discretion, committed an error of law, and/or provided [Castro] with an illegal sentence." *Anders* Br. at 2. He points out that Castro received a standard range sentence and the trial court had the benefit of a pre-sentence report. Counsel further cites cases provided by Castro, noting they are inapposite.

Castro did not receive an illegal sentence. The maximum sentence he could have received for the PWID conviction was a 10 year term of imprisonment. The court sentenced him to four to ten years and therefore did not exceed the maximum sentence.

Further, the cases Castro provided to counsel, which are cited in the *Anders* brief, afford him no relief. In *Commonwealth v. Frometa*, 555 A.2d

92, 93-94 (Pa. 1989), the Pennsylvania Supreme Court held that counsel was not ineffective for failing to inform the defendant he could be subject to deportation. In **Padilla v. Kentucky**, 559 U.S. 359, 374 (U.S. 2010), the United States Supreme Court abrogated **Frometa**, holding counsel must inform a defendant whether a plea carries a risk of deportation. This provides Castro no relief, as he is a United States citizen. Further, this is a direct appeal and Castro cannot raise ineffective assistance of counsel claims on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013) (providing that, with limited exceptions not applicable here, a court cannot review ineffective assistance of counsel claims on direct appeal).

Similarly, **Commonwealth v. Simmons**, 2019 WL 1388178 (Pa.Super. Mar. 27, 2019), and **Commonwealth v. Williams**, 2018 WL 2409071 (Pa.Super. May 29, 2018), do not apply here. In **Simmons**, this Court denied a PCRA appeal as untimely, which is not relevant to the merits of Castro's direct appeal sentencing claims. In **Williams**, this Court found a defendant waived a suppression issue by failing to preserve it in the trial court. The case has no relevance to Castro's sentencing claim.

We further point out that in his *pro se* notice of appeal, Castro claimed his counsel was ineffective because he had informed Castro he would receive a sentence of three to six years' incarceration. Castro cannot raise an ineffective assistance of counsel claim on direct appeal. **See Holmes**, 79 A.3d at 563-64 (Pa. 2013).

To the extent Castro sought to challenge the discretionary aspects of his sentence, he waived the claim because he did not challenge his sentence in a timely post-sentence motion or at his sentencing hearing. *See Dempster*, 187 A.3d at 272.

We agree with counsel that the claims raised in the *Anders* brief are wholly frivolous. Further, following a review of the record, we have not found any non-frivolous claims for appeal.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/04/2024